# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| **M.G., I.C., K.M., P.C., AND E.H.** | : | **CIVIL ACTION** |
| | : | |
| Plaintiffs, | : | **PROPOSED ORDER TO** |
| | : | **PROCEED USING** |
| **v.** | : | **PSEUDONYMS** |
| | : | |
| **EAST TROY COMMUNITY** | : | |
| **SCHOOL DISTRICT,** | : | |
| **PETER SYENS,** | : | **No. 24-cv-1259** |
| **KRISTA ISERLOTH,** | : | |
| **CHRISTOPHER HIBNER, AND** | : | |
| **KATHERINE LIESKE HARDER** | : | |
| | : | |
| Defendants. | : | |

## ORDER TO PROCEED USING PSEUDONYMS

AND NOW, upon review and consideration of Plaintiffs' Uncontested Motion to Proceed using Pseudonyms, it is ORDERED that the Motion is granted.

IT IS ORDERED that Plaintiffs will be identified using their initials in all public filings.

Dated: _____     _____
U.S. District Judge J.P. Stadtmueller

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF WISCONSIN**

---

| | | |
|---|---|---|
| **M.G., I.C., K.M., P.C., AND E.H.** | : | **CIVIL ACTION** |
| | : | |
| Plaintiffs, | : | |
| | : | **NOTICE OF UNCONTESTED** |
| **v.** | : | **MOTION TO PROCEED** |
| | : | **USING PSEUDONYMS** |
| **EAST TROY COMMUNITY** | : | |
| **SCHOOL DISTRICT,** | : | |
| **PETER SYENS,** | : | **No. 24-cv-1259** |
| **KRISTA ISERLOTH,** | : | |
| **CHRISTOPHER HIBNER, AND** | : | |
| **KATHERINE LIESKE HARDER** | : | |
| | : | |
| Defendants. | : | |

---

**PLEASE TAKE NOTICE,** that Plaintiffs, by and through undersigned

counsel, will move the Court for an Order granting Plaintiffs' Uncontested Motion

to Proceed Using Pseudonyms, filed concurrently herewith.

Respectfully submitted,

Andreozzi + Foote
*/s/ Veronica N. Hubbard*
Dated: October 28, 2024      Veronica N. Hubbard, Esq.
veronica@vca.law
*Attorneys for the Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| **M.G., I.C., K.M., P.C., AND E.H.** | : | **CIVIL ACTION** |
| | : | |
| Plaintiffs, | : | |
| | : | **JURY TRIAL DEMANDED** |
| **v.** | : | |
| | : | **No. 24-cv-1259** |
| **EAST TROY COMMUNITY** | : | |
| **SCHOOL DISTRICT,** | : | |
| **PETER SYENS,** | : | |
| **KRISTA ISERLOTH,** | : | |
| **CHRISTOPHER HIBNER, AND** | : | |
| **KATHERINE LIESKE HARDER** | : | |
| | : | |
| Defendants. | : | |

## UNCONTESTED MOTION TO PROCEED USING PSEUDONYMS

AND NOW, come the Plaintiffs, through counsel, Andreozzi + Foote, who file this Uncontested Motion to Proceed Using Pseudonyms, and in support thereof, state as follows:

### I.     Introduction

This case arises from Plaintiffs M.G., I.C., K.M., P.C., and E.H.'s sexual abuse by Defendant East Troy Community School District ("East Troy") employee, John Rash ("Rash") while Plaintiffs were minors and students at East Troy Middle School.  Plaintiffs claim that East Troy failed to prevent their sexual abuse by Rash

after alleged actual and/or constructive notice that Rash posed a risk of sexual harm to East Troy students, including Plaintiffs.

## II.     Argument

As a general matter Rule 10 provides that: "[t]he title of the complaint must name all the parties. . . ."  Fed. R. Civ. P. 10.  *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997).  However, a judge has "an independent duty to determine whether exceptional circumstances justify such departure from the normal method of proceeding in federal courts."  *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997).

To proceed using a pseudonym, the presumption that parties' identities is public information can be rebutted "by showing that the harm to the plaintiff. . . . exceeds the likely harm [to the Defendant and public] from concealment."  *Doe v. City of Chicago,* 360 F.3d 667, 669 (7th Cir. 2004).  Generally, courts will find the presumption has been rebutted "when the plaintiff is a child, a victim of sexual assault, or a likely target of retaliation by people who would learn his or her identity only from a judicial opinion or other court filing."  *Ashford v. City of Milwaukee*, 2014 U.S. Dist. LEXIS 1590, 2 (E.D. Wis. 2014).

Here, all five Plaintiffs were subjected to abuse by their middle school band teacher over the course of one (1) to three (3) school years.  Plaintiffs were approximately eleven (11) to thirteen (13) years old at the time of their abuse,

making them the prime plaintiffs to use a pseudonym. Not only were Plaintiffs children, but they were also victims of continuous and humiliating sexual assaults. Plaintiffs seek to avoid the distress, public shame, and personal and/or professional harm involved in public disclosure of their names.

Rash was a respected member in the band community, and as such, Plaintiffs fear being looked upon negatively for coming forward with their claims.

On the other hand, Defendants would face minimal burden, as Plaintiffs will disclose their full names to Defendants. While the public has a strong interest in knowing Rash's identify, there is no similar interest for Plaintiffs. The public gains nothing and suffers nothing from knowing the names of Rash's victims. The invasion of Plaintiffs' privacy, where their childhood sexual abuse would be revealed, far outweighs the minor burden that Defendants and the public might suffer.

This case is the prototypical example of a circumstance where use of a pseudonym is justified. Indeed, other courts have recognized the importance of anonymity in sexual abuse/assault/misconduct litigation. Here are a handful of decisions allowing for plaintiffs to use a pseudonym in sexual abuse/misconduct/assault cases:

- In *Roe v. Borup*, 500 F. Supp 127, 130 (E.D. Wis. 1980), the Wisconsin Eastern District Court decided that "an important privacy interest" existed because the case involved a highly sensitive issue

of childhood sexual abuse and as such, the Plaintiff could use a fictitious name.

- The Wisconsin Eastern District Court held that the harm to Plaintiffs by not being allowed to be identified by their initials outweighs the Defendants burden, that was nothing more than trivial. *Ashford v. City of Milwaukee*, 2014 U.S. Dist. LEXIS 1590, 1592 (E.D. Wis. 2014). The court reasoned that despite the public having a right to know who is using their courts, "it is doubtful that the public's understanding of this case will be compromised if . . . . plaintiffs are permitted to withhold their full names." *Id.*

- The Seventh Circuit recognized sexual assault victims are among those who may appropriately proceed under pseudonym. *Doe v. Karlos Soriano-Cabrera & Caviche, Inc.,* 2024 U.S. Dist. LEXIS 147377 (E.D. Wis. 2024), citing *Doe v. Blue Cross & Blue Shield United.*

In sum, public policy and prior precedent supports pseudonymous proceedings to protect Plaintiffs' privacy. As stated above, there remains a high likelihood of harm to the Plaintiffs, who were minors at the time of their sexual abuse, which significantly outweighs the harm to the Defendants and the public.

## III. Conclusion

For the reasons discussed above, Plaintiffs respectfully requests that this Court grant the instant Uncontested Motion to Proceed Using Pseudonyms and allow them to be identified using their initials in all public filings.

Respectfully Submitted,

**ANDREOZZI + FOOTE**

Dated: October 28, 2024

*s/ Veronica Hubbard*
*s/ Nathaniel Foote, esq.*
4503 North Front Street
Harrisburg, PA 17110
Ph: 717.525.9124 | Fax: 717.525.9143
veronica@vca.law
*Attorneys for Plaintiffs*