IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF WISCONSIN

M.G., I.C., K.M., P.C. and E.H.,

    Plaintiffs,

v.

EAST TROY COMMUNITY SCHOOL DISTRICT      Case No. 24-cv-01259-JPS
PETER SYENS,
KRISTA ISERLOTH,
CHRISTOPHER HIBNER and
KATHERINE LIESKE HARDER,

    Defendants.

## JOINT RULE 26(f) PRETRIAL REPORT

Plaintiffs, M.G., I.C., K.M., P.C., and E.H., by their attorneys, Andreozzi + Foote, and Defendants, East Troy Community School District (the "District"), Peter Syens, Krista Iserloth, Christopher Hibner, and Katherine Lieske Harder, by their attorneys, Axley Brynelson, LLP, respectfully submit the following report pursuant to Fed. R. Civ. P. 26(f). The Defendants' counsel prepared a draft joint report on October 28, 2024 and the parties' counsel conferred telephonically on November 1, 2024.

    **1.**     **Nature of the case.** Plaintiffs filed this civil action seeking damages and other relief from Defendants based on allegations that a former employee of the District (John Rash) sexually assaulted Plaintiffs while Plaintiffs were students at the District. Plaintiffs allege that the District had a custom or policy through inaction by failing to respond to Rash's reported assaults and failing to train other personnel to prevent assaults. Plaintiffs' Complaint asserts the following claims: (1) Fourteenth Amendment violation of right to bodily integrity (against the District); (2) Failure to train, resulting in a Fourteenth Amendment violation of right to bodily integrity (against the

District); (3) Fourteenth Amendment violation of right to bodily integrity stemming from a state-created danger (against Syens individually and in his official capacity, Iserloth individually and in her official capacity, Hibner individually and in her official capacity, and Harer individually and in her official capacity); (4) Fourteenth Amendment violation of right to bodily integrity imposing supervisory liability (against Syens individually and in his official capacity, Hibner individually and in his official capacity, and Harder individually and in her official capacity); (5) Title IX violation (against the District); (6) state law negligence claim (against all Defendants); (7) state law negligent hiring, retention, or supervision claim (against all Defendants); and (8) intentional infliction of emotional distress claim (against Syens individually and in his official capacity, Iserloth individually and in her official capacity, Hibner individually and in his official capacity, and Harder individually and in her official capacity). Defendants deny all liability and will assert a number of affirmative defenses.

**2.     Related cases.** There are no related civil cases. Three criminal cases against Rash are currently pending in Wisconsin Circuit Court, Walworth County Case Nos. 2023CF000120, 2023CF000528, 2024CF000418. The 2023 cases are scheduled for trial in mid-December 2024.

**3.     Material Facts and Legal Issues.** Resolution of Plaintiffs' claims primarily involves the following factual and legal issues:

    A.    Whether the District had a custom or policy that caused Rash to violate Plaintiff's rights.

    B.    Whether the individual defendants are "municipal policymakers" for purposes of municipal liability under 42 U.S.C. § 1983.

    C.    If the individual defendants were "municipal policymakers," were they deliberately indifferent to the known or obvious consequences of the

District's custom or policy, aware of the risks created by the custom or policy, and did they fail to take appropriate actions to protect the Plaintiffs?

D. Whether the State Created Danger exception applies to the facts of this case.

E. Whether the District (through an appropriate person) had actual notice of misconduct rising to the level of sex discrimination in violation of Title IX and, if so, whether the District acted with deliberate indifference in response.

F. Whether Syens, Hibner, and/or Harder knew about Rash's conduct and facilitated it, approved it, condoned it, or turned a blind eye to it.

G. Whether the individual Defendants acted with knowing, reckless, and/or intentional disregard of the rights and safety of Plaintiffs.

H. Whether the individual Defendants personally deprived Plaintiffs of any federal rights.

I. Whether the individual Defendants are entitled to qualified immunity.

J. Whether the Defendants are entitled to immunity under Wisconsin law.

K. Whether Plaintiffs' claims barred by any applicable statutes of limitations.

L. Whether Plaintiffs complied with all statutory prerequisites prior to filing this action.

M. What remedies, if any, are available to Plaintiffs if liability is established on their claims.

N. Whether an award of punitive damages is justified as to any individual Defendant and, if so, the extent of that award.

4. **Proposed case schedule.**

   A. **Motions to amend the pleadings and to add parties.** The parties propose that amendments to the pleadings should be filed within 30 days after initial disclosures under Rule 26(a)(1) are exchanged.

   B. **Expert Disclosures.** Plaintiffs' Rule 26(a)(2) disclosures should be made at least six months prior to the dispositive motion deadline. Defendants' Rule 26(a)(2) disclosures should be made within 90 days thereafter.

   C. **Dispositive motions.** The Defendants anticipate filing a motion for summary judgment.

   D. **Close of discovery.** The parties agree that all discovery should be completed 30 days prior to the dispositive motion deadline.

5. **Discovery Plan and Schedule.**

   A. **Rule 26(a) Initial Disclosures**. The parties agree to exchange initial disclosures no later than 21 days after Defendants have filed their responsive pleading. The parties' initial disclosures may be transmitted by email in .pdf format. The parties also agree to provide copies of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment at the time of their initial disclosures.

   B. **Subjects and Completion of Discovery**:

   i. **Subjects on which discovery may be needed**. Discovery will be needed regarding the events alleged in the pleadings, the legal and factual issues identified in

Section 3 *supra*, the Defendants' defenses, and Plaintiffs' alleged damages. Each side reserves the right to conduct discovery with respect to other matters as necessary within the time for discovery.

    ii.  **Disclosures of Discovery of ESI**. At this time, the parties do not anticipate any special issues related to the disclosure or discovery of electronic information, but will promptly address any issues that do arise during the course of discovery. The parties agree that they will produce either a hard-copy version of any formerly or currently electronically-stored information (ESI) in a form adequate and reasonable to satisfy each party's discovery requests herein for ESI, or in lieu of a hard copy, ESI on a CD-ROM, memory stick, flash drive, FTP site, or other similar medium. To the extent that either party makes discovery requests that either specifically seek ESI, or which necessarily involve a substantial amount of ESI retrieval and review, the parties agree to discuss sharing any ESI-related costs and/or methods of reducing ESI related costs.

    iii.  **Procedures Regarding Claims of Privilege and Work-Product Protection**. At this time, the parties do not anticipate any special issues related to the disclosure or discovery of privileged or work-product information. The parties agree that any documents in any format that contain privileged information or legal work product (and all copies) shall be immediately returned to the producing party if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production within seven (7) days after the producing party discovers that the inadvertent production occurred. The parties agree that the recipient of such inadvertently produced information will not use the information, in any way, in the prosecution of the recipient's case. Further, the parties agree that the recipient may not assert that the producing party waived privilege or work-product protection based upon the inadvertent production; however, the recipient may challenge the assertion of the privilege/protection and seek

5

a court order denying the application of such privilege/protection. Any privilege logs will be served simultaneously with the written responses and/or objections to the document production.

    iv. **Limitations on Discovery**. At this time the parties do not propose any changes to the limitations on discovery, which are set forth by the Federal Rules or local rules.

 **6.** **Any other matter affecting the just, speedy, and inexpensive resolution of this case, or that which the court should consider in setting the schedule**. It is possible that FERPA issues might arise in the case, and if objections are filed regarding the disclosure of certain information, it will slow the progress of the case. The parties agree that discovery documents and pleadings may be served by electronic means as set forth in Fed. R. Civ. P., Rule 5(b)(2)(E) and that electronic service shall be complete upon transmission. The parties agree that electronically-served documents that require a line-by-line response (such as interrogatories, requests for admissions, and proposed findings of fact) shall also be provided to opposing counsel in word-processing format to facilitate responding, and that discovery responses and documents produced in response to discovery requests may be transmitted as .pdf files via e-mail, or, if the files are too voluminous to email, via transportable media or an electronic file-sharing system, such as ShareFile or Dropbox.

 Dated this 1st day of November, 2024.

          ANDREOZZI + FOOTE

          *Electronically signed by Veronica N. Hubbard*
          Veronica N. Hubbard, WIED Bar Number 323718
          Nathaniel L. Foote, WIED Bar number 318998
          Attorneys for Plaintiffs
          4503 North Front Street
          Harrisburg, PA 17110
          Telephone: (717) 525-9124
          Email: veronica@vca.law / nate@vca.law

Dated this 1st day of November, 2024.

        AXLEY BRYNELSON, LLP

        *Electronically signed by Danielle Baudhuin Tierney*
        Lori M. Lubinsky, SBN 1027575
        Danielle Baudhuin Tierney, SBN 1096371
        Attorneys for Defendants
        P.O. Box 1767
        Madison, WI 53701-1767
        Telephone: (608) 257-5661
        Email: llubinsky@axley.com / dtierney@axley.com