IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF WISCONSIN

M.G., I.C., K.M., P.C. and E.H.,

        Plaintiffs,

  v.

EAST TROY COMMUNITY SCHOOL DISTRICT          Case No. 24-cv-01259-SCD
PETER SYENS,
KRISTA ISERLOTH,
CHRISTOPHER HIBNER and
KATHERINE LIESKE HARDER,

        Defendants.

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

NOW COME the Defendants, East Troy Community School District ("District"), Peter Syens, Krista Iserloth, Christopher Hibner and Katherine Lieske Harder, by their undersigned attorneys, and for their Answer to Plaintiffs' Complaint state as follows:

1. In answering Paragraph 1 of Plaintiffs' Complaint, admit, upon information and belief, that Plaintiffs are adult female residents of the State of Wisconsin and are identified by their initials due to their allegations made in their Complaint. Deny the remaining allegations contained therein.

2. The allegations contained in Paragraph 2 of Plaintiffs' Complaint are not factual allegations that require any response; to the extent a response is deemed necessary or required, deny the same.

3. Admit the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4. In answering Paragraph 4 of Plaintiffs' Complaint, admit that certain times relevant to the allegations in Plaintiffs' Complaint, Plaintiffs were female students in the District. The

remaining allegations are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiffs to their proof thereon.

5. Admit the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6. In answering Paragraph 6 of Plaintiffs' Complaint, admit that during the 2016-17, 2017-18 and 2018-19 school years, Defendant Peter Syens was an adult employee of the District and was employed in the position of Middle School Principal. Deny any remaining allegations contained therein.

7. Admit the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8. In answering Paragraph 8 of Plaintiffs' Complaint, admit that during the 2016-17, 2017-18 and 2018-19 school years, Defendant Krista Iserloth was an adult employee of the District and was employed in the position of School Counselor. Deny any remaining allegations contained therein.

9. Admit the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10. In answering Paragraph 10 of Plaintiffs' Complaint, admit that during the 2016-17, 2017-18 and 2018-19 school years, Defendant Christopher Hibner was an adult employee of the District, was employed in the position of District Administrator, and remains in that position at the present time. Deny any remaining allegations contained therein.

11. In answering Paragraph 11 of Plaintiffs' Complaint, admit that Defendant Katherine Lieske (not Kieske) Harder is an adult resident of the State of Wisconsin. Deny the remaining allegations contained therein.

12. In answering Paragraph 12 of Plaintiffs' Complaint, admit that during the 2016-17, 2017-18 and 2018-19 school years, Defendant Katherine Liske Harder was an adult employee of

the District and was employed in the position of Director of Pupil Services and Title IX Coordinator. Deny the remaining allegations contained therein.

13. The allegations contained in Paragraphs 13, 14 and 15 of Plaintiffs' Complaint are legal conclusions for which no answer is necessary or required; to the extent a response is deemed necessary or required, deny the same.

14. In answering Paragraph 16 of Plaintiffs' Complaint, admit that John Rash was the band teacher at the East Troy Middle School during the 2016-17, 2017-18 and 2018-19 school years. Deny any remaining allegations contained therein.

15. Deny, as alleged, the allegations contained in Paragraphs 17 and 18 of Plaintiffs' Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 19, 20, 21, 22, 23 and 24 of Plaintiffs' Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

17. In answering Paragraph 25 of Plaintiffs' Complaint, admit that I.C. was interviewed during the 2018-19 school year regarding concerns she had regarding John Rash. Deny the allegations that I.C. reported that she was abused by John Rash. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiffs to their proof thereon.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 26, 27, 28, 29, 30 and 31 of Plaintiffs' Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

19. Deny the allegations contained in Paragraphs 32 and 33 of Plaintiffs' Complaint.

20. In answering Paragraph 34 of Plaintiffs' Complaint, admit that the Middle School band room does not have surveillance cameras to capture video inside that room. Deny the remaining allegations contained therein.

21. Deny the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, 37, 38, 39 and 40 of Plaintiffs' Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

23. Deny the allegations contained in Paragraphs 41 and 42 of Plaintiffs' Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiffs' Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

25. Deny the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

26. Deny, as alleged, the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

27. In answering Paragraph 46 of Plaintiffs' Complaint, admit that the District initiated an investigation in January of 2018 of certain allegations made against John Rash and that disciplinary action was taken including John Rash attending professional development and reading a book. Deny the remaining allegations contained therein.

28. In answering Paragraph 47 of Plaintiffs' Complaint, admit that John Rash's employment was not terminated following the investigative conclusions that were reached in early 2018 and that because there was no allegation to report to law enforcement that was subject to a mandatory report, the District did not notify law enforcement of the allegations that were made against John Rash as part of that investigation. Deny the remaining allegations contained therein.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiffs' Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

30. Deny, as alleged, the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

31. In answering Paragraph 50 of Plaintiffs' Complaint, admit that in February of 2019 the District commenced an investigation of John Rash which investigation included interviews of several students. Deny the remaining allegations contained therein.

32. In answering Paragraph 51 of Plaintiffs' Complaint, admit that during the February – March 2019 investigation, no student alleged that they had been touched on their breasts by John Rash, and therefore the investigative report did not make any such finding. Deny the remaining allegations contained therein.

33. In answering Paragraph 52 of Plaintiffs' Complaint, admit that the District completed its investigation in or around March 22, 2019, and several recommendations were made. Deny the remaining allegations contained therein.

34. In answering Paragraph 53 of Plaintiffs' Complaint, admit that the District did not terminate John Rash's employment following the 2019 investigation, and that because there was no allegation to report to law enforcement that was subject to a mandatory report, the District did not report John Rash's alleged conduct to law enforcement. Deny the remaining allegations contained therein and affirmatively allege that no student alleged that they had been fondled and/or groped by John Rash during that investigation.

35. Admit the allegations contained in Paragraph 54 of Plaintiffs' Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of Plaintiffs' Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

37. Admit, upon information and belief, the allegations contained in Paragraph 56 but affirmatively alleges that DPI's letter to John Rash summarizing its investigative findings speaks for itself.

38. Admit, upon information and belief, the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

39. In answering Paragraph 58 of Plaintiffs' Complaint, admit that John Rash remained employed by the District after the District first received notice of DPI's investigation by letter dated July 11, 2019; affirmatively allege that the District consistently requested information and updates from DPI during DPI's investigation, and DPI did not respond to such requests and failed to notify the District of the status of its investigation including any specifics of the allegations that DPI was investigating. Deny the remaining allegations contained therein.

40. In answering Paragraph 59 of Plaintiffs' Complaint, admit that by letter dated October 1, 2021, the District notified DPI that John Rash had been teaching in the District while DPI's investigation was pending, and that since March/April of 2019 the District received no complaints or concerns about John Rash from staff, students or parents. Deny the remaining allegations contained therein.

41. Admit, upon information and belief, the allegations contained in Paragraph 60 of Plaintiffs' Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 61, 62 and 63 of Plaintiffs' Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

43. In answering Paragraph 64 of Plaintiffs' Complaint, admit that Defendants are aware John Rash has been charged with several counts of sexual assault of a child. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiffs to their proof thereon.

44. Deny the allegations contained in Paragraphs 65 and 66 of Plaintiffs' Complaint.

45. In answering Paragraph 67 of Plaintiffs' Complaint, deny the allegations as to the District's alleged deliberate indifference to abuse. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiffs to their proof thereon.

46. In answering Paragraph 68 of Plaintiffs' Complaint, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein.

47. The allegations contained in Paragraphs 69 and 70 of Plaintiffs' Complaint are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same and put Plaintiffs to their proof thereon.

48. Deny the allegations contained in Paragraph 71, 72, 73, 74, 75 and 76 of Plaintiffs' Complaint.

49. In answering Paragraph 77 of Plaintiffs' Complaint, deny the allegations that Defendants violated any of Plaintiffs' rights. Deny knowledge or information sufficient to form a

7

Case 2:24-cv-01259-JPS    Filed 12/03/24    Page 7 of 13    Document 25

belief as to the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiffs to their proof thereon.

50. In answering Paragraph 78 of Plaintiffs' Complaint, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein.

51. The allegations contained in Paragraph 79 and 80 of Plaintiffs' Complaint are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same and put Plaintiffs to their proof thereon.

52. Deny the allegations contained in Paragraphs 81, 82, 83 and 84 of Plaintiffs' Complaint.

53. In answering Paragraph 85 of Plaintiffs' Complaint, deny the allegations that Defendants violated any of Plaintiffs' rights. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiffs to their proof thereon.

54. In answering Paragraph 86 of Plaintiffs' Complaint, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein.

55. Deny the allegations contained in Paragraph 87 of Plaintiffs' Complaint.

56. The allegations contained in Paragraphs 88, 89, 90 and 91 of Plaintiffs' Complaint are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same and put Plaintiffs to their proof thereon.

57. Deny the allegations contained in Paragraph 92, 93, 94, 95, 96 and 97 of Plaintiffs' Complaint.

58. In answering Paragraph 98 of Plaintiffs' Complaint, deny the allegations that Defendants violated any of Plaintiffs' rights. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiffs to their proof thereon.

59. In answering Paragraph 99 of Plaintiffs' Complaint, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein.

60. Deny the allegations contained in Paragraphs 100 of Plaintiffs' Complaint.

61. The allegations contained in Paragraph 101 of Plaintiffs' Complaint are legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same and put Plaintiffs to their proof thereon.

62. Deny allegations contained in Paragraphs 102 and 103 of Plaintiffs' Complaint.

63. In answering Paragraph 104 of Plaintiffs' Complaint, deny the allegations that Defendants violated any of Plaintiffs' rights. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiffs to their proof thereon.

64. In answering Paragraph 105 of Plaintiffs' Complaint, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein.

65. Admit the allegations contained in Paragraph 106 of Plaintiffs' Complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of Plaintiffs' Complaint, and therefore deny the same and put Plaintiffs to their proof thereon.

67. Deny the allegations contained in Paragraph 108, 109, 110 and 111 of Plaintiffs' Complaint.

68. In answering Paragraph 112 of Plaintiffs' Complaint, deny the allegations that the District violated Title IX. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiffs to their proof thereon.

69. In answering Paragraph 113 of Plaintiffs' Complaint, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein.

70. The allegations contained in Paragraph 114 of Plaintiffs' Complaint contain legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiffs to their proof thereon.

71. Deny the allegations contained in Paragraph 115, including all subparts thereof, of Plaintiffs' Complaint.

72. In answering Paragraph 116 of Plaintiffs' Complaint, deny the allegations that the Defendants violated any of Plaintiffs' rights. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiffs to their proof thereon.

73. In answering Paragraph 117 of Plaintiffs' Complaint, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein.

74. The allegations contained in Paragraph 118 of Plaintiffs' Complaint contain legal conclusions for which no answer is necessary or required; to the extent an answer is deemed necessary or required, deny the same and put Plaintiffs to their proof thereon.

75. Deny the allegations contained in Paragraphs 119, including all subparts thereof, of Plaintiffs' Complaint.

76. In answering Paragraph 120 of Plaintiffs' Complaint, deny the allegations that the Defendants violated any of Plaintiffs' rights. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiffs to their proof thereon.

77. In answering Paragraph 121 of Plaintiffs' Complaint, Defendants reallege and incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein.

78. Deny the allegations contained in Paragraphs 122 and 123 of Plaintiffs' Complaint.

79. In answering Paragraph 124 of Plaintiffs' Complaint, deny the allegations that the Defendants violated any of Plaintiffs' rights. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiffs to their proof thereon.

80. Deny all allegations contained in Plaintiff's Complaint that are not affirmatively admitted herein.

81. Deny all "WHEREFORE" clauses in Plaintiffs' Complaint.

82. Deny that Plaintiffs are entitled to any relief or damages whatsoever against these answering Defendants.

## AFFIRMATIVE DEFENSES

Defendants East Troy Community School District ("District"), Peter Syens, Krista Iserloth, Christopher Hibner and Katherine Lieske Harder further answering Plaintiffs' Complaint by way of an affirmative defense applicable to all claims for relief allege as follows:

1. Plaintiffs' Complaint may fail to state a claim upon which relief may be granted;

2. Plaintiffs' Complaint is barred pursuant to the Notice of Claim requirements set forth in Wis. Stat. § 893.80;

3. Plaintiffs' damages are limited pursuant to Wis. Stat. § 893.80;

4. Defendants are immune from suit pursuant to Wis. Stat. § 893.80;

5. The individual Defendants are entitled to qualified immunity for all claims asserted against them;

6. No constitutional violation resulted from a municipal policy or custom;

7. Defendants were not deliberately indifferent to Plaintiffs' rights;

8. Plaintiffs may have failed to mitigate their damages as required by law;

9. Plaintiffs' claim may be barred by any applicable statute of limitations;

10. Plaintiffs are not entitled to the remedies sought;

11. Plaintiffs' claimed injuries and/or damages may have been proximately caused by persons other than these Defendants;

12. Defendants allege all affirmative defenses required to be pled under Rule 12(b), Fed. R. Civ. Pro., and 802.06, Wis. Stats., for the purpose of avoiding waiver of any such defenses as they may later apply; and

13. Defendants reserve the right to assert any further affirmative defenses that may become available as discovery proceeds in this matter.

WHEREFORE, Defendants East Troy Community School District ("District"), Peter Syens, Krista Iserloth, Christopher Hibner and Katherine Lieske Harder demand judgment dismissing Plaintiffs' Complaint in its entirety, and awarding these Defendants their costs and such other relief the court deems just and equitable.

Dated this 3rd day of December, 2024.

*s/ Lori M. Lubinsky*
Lori M. Lubinsky, SBN 1027575
Danielle Baudhuin Tierney, SBN 1096371
Attorneys for Defendants
AXLEY BRYNELSON, LLP
P.O. Box 1767
Madison, WI 53701-1767
Telephone: (608) 257-5661
Email: llubinsky@axley.com