# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| M.G., I.C., K.M., P.C., AND E.H. | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| | : | No. 24-cv-1259 |
| EAST TROY COMMUNITY SCHOOL DISTRICT, PETER SYENS, KRISTA ISERLOTH, CHRISTOPHER HIBNER, AND KATHERINE LIESKE HARDER | : | |
| Defendants. | : | |

## PLAINTIFFS' OPPOSITION TO THE WALWORTH COUNTY DISTRICT ATTORNEY'S OFFICE MOTION TO QUASH SUBPOENA

AND NOW, come the Plaintiffs, through counsel, Andreozzi + Foote, who file this Opposition to the Walworth County District Attorney's Office ("DA's Office") Motion to Quash Subpoena and Stay Production Deadline Pending the Court's Ruling ("Motion to Quash") [Doc. 28], and in support thereof, state as follows:

### I. Introduction

This case arises from Plaintiffs M.G., I.C., K.M., P.C., and E.H.'s sexual abuse by Defendant East Troy Community School District ("East Troy") employee,

John Rash ("Rash") while Plaintiffs were minors and students at East Troy Middle School. Plaintiffs claim that East Troy and East Troy employees (individually named Defendants) failed to prevent their sexual abuse by Rash after alleged actual and/or constructive notice that Rash posed a risk of sexual harm to East Troy students, including Plaintiffs. [Declaration of Veronica N. Hubbard, Esq. ¶2.]

**II.     Procedural History Relating to the DA's Office Motion to Quash**

Rash was investigated, criminally charged, and prosecuted by the Village of East Troy Police Department ("ETPD") and DA's Office relating to his sexual abuse of Plaintiffs and at least four (4) other victims.[1] As such, Plaintiffs served a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Case ("Subpoena") upon ETPD[2] and the DA's Office. The DA's Office was served with the Subpoena on April 4, 2025. [Id. ¶3.]

Counsel for Plaintiffs and counsel for Defendants conferred and agreed on the language of the Subpoenas prior to service of same as all parties involved in this matter have an interest in receiving the documents requested. [Id. ¶4.] A true and correct copy of the Subpoena to the DA's Office is attached hereto as Exhibit "A".

---

[1] Wisconsin Department of Public Instruction ("DPI") also investigated Rash, which ultimately lead to Rash's teaching license being revoked. Plaintiffs also served a Subpoena on DPI and in response, DPI produced the entire unredacted investigation file.

[2] On or about May 6, 2025, ETPD produced what Plaintiffs' counsel believes to be the full unredacted investigation file. Plaintiffs' counsel is still in the process of reviewing this subpoena response from ETPD.

The Subpoenas included Authorizations and Informed Consent for Release of Criminal Investigation Records signed by all Plaintiffs.

On May 2, 2025, without any notice or attempt to meet and confer with counsel for Plaintiffs or Defendants, the DA's Office filed the instant Motion to Quash. [Id. ¶5.] The Motion to Quash argues the Subpoena should be quashed because:

>   1)   it requests a great deal of sensitive information;
>
>   2)   it requests privileged and/or confidential information;
>
>   3)   at least four (4) victims (but possibly more) in the criminal case have not consented to disclosure of their information;
>
>   4)   Wisconsin and federal laws may be implicated, including but not limited to the Wisconsin Constitution (as it pertains to victim rights), Wis. Stat. § 905.045(2), Wis. Stat. ch. 950 (Rights of Victims and Witnesses of Crime), Health Insurance Portability and Accountability Act, attorney work product privilege, and potentially the Family Educational Rights and Privacy Act;
>
>   5)   it requests unrepresented child victims' records without any protective order; and
>
>   6)   the 30-day response time does not allow the DA's Office to identify all victims, provide notification to them and seek Court protection.

Plaintiffs now timely respond in opposition to the DA's Motion to Quash. Defendants concur in this opposition.

### III. Argument

### a. The DA's Office Motion to Quash Must be Summarily Denied Because the DA's Office Did Not Even Attempt to Meet and Confer with Plaintiffs' Counsel and Did Not Attach a Certification of Conferral Pursuant to Judge Stadtmueller's Pretrial Procedures Order that was Filed in this Matter on October 25, 2024.

Judge Stadtmueller's Pretrial Procedures Order that was filed publicly in this matter makes it very clear that parties shall meet and confer about any potentially disputed matter before presenting it to the Court. "The purpose of this requirement is to attempt to obviate the need for a motion and thus avoid unnecessary Court intervention, or to narrow the scope of the issues the Court must resolve." (October 25, 2024 Pretrial Procedures Order) [Doc. 21]. [Id. ¶6.]

Judge Stadtmueller's Pretrial Procedures Order also states that a Motion must be accompanied by a written certification of having met and conferred and that the Court may strike or outright deny a motion or other relief if counsel fails to meet and confer in good faith. [Id. ¶7.]

While the DA's Office is not a named party in this matter, it is still be subject to Judge Stadtmueller's Order as it is seeking a Court Order in this matter. A meet and confer with all parties involved could have narrowed the scope of the issues this Court must resolve. Because the DA's Office did not meet and confer prior to filing the Motion and did not file a certification regarding same, the Motion to Quash should be denied.

Page **4** of **10**

Case 2:24-cv-01259-JPS    Filed 05/22/25    Page 4 of 9    Document 31

### i. Counsels' Proposals at the Meet and Confer (which was Initiated by Counsel for Plaintiffs and Defendants) were Summarily Rejected by the DA's Office.

In an attempt to abide by Judge Stadtmueller's Pretrial Procedures Order, counsel for Plaintiffs and Defendants immediately coordinated a meet and confer with counsel for the DA's Office for May 5, 2025. During which, counsel for Plaintiffs and Defendants attempted to narrow the scope of the DA's Motion to Quash, as follows:

> 1) Counsel proposed a Court approved Protective Order relating to the responsive documents retained with the DA's Office;
>
> 2) Counsel requested a privilege log relating to the responsive documents retained with the DA's Office;
>
> 3) Counsel requested an update as to what, if anything, the DA's Office had done to determine the volume of responsive documents retained with the DA's Office;
>
> 4) Counsel proposed the DA's Office redact any identifying information of any victim other than the named Plaintiffs in this matter in any responsive documents; and
>
> 5) Counsel proposed that the DA's Office at least produce any documents relating to the Plaintiffs in this matter as signed Authorizations and Informed Consent for Release of Criminal Investigation Records were provided with the Subpoena while the Court addressed the remaining issues raised in the Motion to Quash. [Id. ¶8.]

The DA's Office did not provide any proposals to narrow the issues of the Motion. Following the meet and confer, counsel for the DA's Office confirmed that

it would not be producing any records until the Court ruled on the Motion to Quash. The DA's Office has made no effort to respond to the Subpoena. [Id. ¶9.]

> ii. **Had the DA's Office Complied with the Meet and Confer Requirement, the Parties Could have Addressed the 30-Day Response Time.**

Had the DA's Office reached out to counsel regarding the 30-day response time while it worked on narrowing several of the issues addressed in the Motion to Quash, counsel would have addressed a reasonable extension with the Court. Which counsel is now having to do, but with additional delay while no progress has been made relating to the documents responsive to the Subpoena. (See the Joint Civil Local Rule 7(h) Expedited Non-Dispositive Motion to Amend Scheduling Order being filed contemporaneously with this Opposition.)

> b. **The Documents Requested in the Subpoena to the DA's Office are Critical in this Matter and There are Several Ways to Produce those Documents While Protecting the Victims.**

Plaintiffs in this matter allege, among other things, that Defendants had notice of Rash's abuse prior to the cessation of said abuse and did not properly address the abuse and/or Rash to prevent their abuse. (Defendants' deny this claim.) Therefore, documentation relating to what Plaintiffs, Defendants, other victims of Rash, and potentially Rash himself reported is vital in Plaintiffs' proving their civil case. [Id. ¶10.]

The parties cannot argue how other unknown documentation within the DA's Office file may be relevant to this matter without knowing what type of documentation exists. For example, if there is record of other victims reporting abuse occurred at the East Troy School District, that serves as additional evidence of the notice Defendants had of the risk of sexual abuse occurring within their district. [Id. ¶11.]

Counsel for Plaintiffs and Defendants acknowledge the sensitive nature of this case and of the documents requested. Therefore, counsel has proposed and would agree to a Court approved Protective Order. Counsel also proposed and would agree to the DA's Office producing the documents with redactions of any identifying information of any victims who are not Plaintiffs in this matter. However, as a practical matter, the parties are most likely aware of at least many of the other victims who are not named Plaintiffs in this matter from the unredacted responsive documents produced by DPI and ETPD. Counsel will of course treat that information, and any additional information obtained with the sensitivity that it deserves.

### c. The Motion to Quash is Entirely Speculative and Lacks Specificity.

The DA's Office argues that Wisconsin[3] and federal laws may be implicated based on privileges and/or confidentiality. However, the DA's Office fails to explain with any type of specificity how these laws would be implicated. This is especially true when the Plaintiffs have provided their written informed consent for production and if other victims' identifying information is redacted.

It is also unclear from the Motion to Quash how other victims' rights would be implicated because it is not clear if the DA's Office has even attempted to speak with other victims. The DA's Office cites to Wis. Stat. 905.045(2), but that section deals with privilege between a victim and victim advocate. Section (3) of that same statute states that the victim, the victim's guardian or conservator, or the victim's personal representative may claim the privilege. The DA's Office also cites to Wis. Stat. 950 but does not explain what that statute says, how it applies, or what facts support the application of said statute.

The DA's Office also fails to articulate how the Family Education Rights ("FERPA") and Privacy Act or the Health Insurance Portability and Accountability Act ("HIPPA") are implicated here. FERPA only applies to educational agencies or institutions that receive federal funding. 34 CFR § 99.1. HIPPA is only applicable

---

[3] It is also questionable whether state laws would even apply in this matter as Seventh Circuit precedent holds that federal courts do not need to apply a state law on privilege or confidentiality on a federal claim if there is a federal law that controls. *Mem'l Hosp. for McHenry Cnty. v. Shadur*, 664 F.2d 1058, 1061 (7th Cir. 1981).

Page **8** of **10**

Case 2:24-cv-01259-JPS     Filed 05/22/25     Page 8 of 9     Document 31

to covered entities, which are defined in 45 CFR § 160.103 and does not include the DA's Office.

Lastly, the DA's Office also fails to elaborate on how the Subpoena would be an undue burden. There is no declaration or affidavit regarding any estimate of time or efforts that would be required to gather responsive documents. As the moving party, the DA's Office carries the burden of demonstrating that the Subpoena subjects them to an unreasonable burden. *See* FRCP 45(d)(3)(A)(iv). The DA's Office has not done so here.

### IV. Conclusion

For the reasons discussed above, Plaintiffs, with the consent of Defendants, respectfully requests that this Court deny the DA's Office Motion to Quash and order the DA's Office produce documents responsive to the Subpoena within thirty (30) days.

Respectfully Submitted,

**ANDREOZZI + FOOTE**

Dated: May 22, 2025

*s/ Veronica N. Hubbard, Esq.*
*s/ Nathaniel L. Foote, Esq.*
4503 North Front Street
Harrisburg, PA 17110
Ph: 717.525.9124 | Fax: 717.525.9143
veronica@vca.law
*Attorneys for Plaintiffs*