# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| M.G., I.C., K.M., P.C., AND E.H. | CIVIL ACTION |
| Plaintiffs, | |
| | JURY TRIAL DEMANDED |
| v. | |
| | No. 24-cv-1259 |
| EAST TROY COMMUNITY SCHOOL DISTRICT, PETER SYENS, KRISTA ISERLOTH, CHRISTOPHER HIBNER, AND KATHERINE LIESKE HARDER | |
| Defendants. | |

## DECLARATION OF VERONICA N. HUBBARD, ESQ. IN SUPPORT OF PLAINTIFFS' OPPOSITION TO THE WALWORTH COUNTY DISTRICT ATTORNEY'S OFFICE MOTION TO QUASH SUBPOENA

VERONICA N. HUBBARD, ESQ., declares as follows:

1. I am an adult resident of the state of Pennsylvania. I am an attorney at Andreozzi + Foote and am licensed to practice law in the United States District Court for the Eastern District of Wisconsin. I am one of the attorneys representing the Plaintiffs in this matter. I make this declaration on my personal knowledge.

2. This case arises from Plaintiffs M.G., I.C., K.M., P.C., and E.H.'s sexual abuse by Defendant East Troy Community School District ("East Troy")

employee, John Rash ("Rash") while Plaintiffs were minors and students at East Troy Middle School. Plaintiffs claim that East Troy and East Troy employees (individually named Defendants) failed to prevent their sexual abuse by Rash after alleged actual and/or constructive notice that Rash posed a risk of sexual harm to East Troy students, including Plaintiffs.

3. Rash was investigated, criminally charged, and prosecuted by the Village of East Troy Police Department ("ETPD") and DA's Office relating to his sexual abuse of Plaintiffs and at least four (4) other victims.[1] As such, Plaintiffs served a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Case ("Subpoena") upon ETPD[2] and the DA's Office. The DA's Office was served with the Subpoena on April 4, 2025.

4. Counsel for Plaintiffs and counsel for Defendants conferred and agreed on the language of the Subpoenas prior to service of same as all parties involved in this matter have an interest in receiving the documents requested.

---

[1] Wisconsin Department of Public Instruction ("DPI") also investigated Rash, which ultimately lead to Rash's teaching license being revoked. Plaintiffs also served a Subpoena on DPI and in response, DPI produced the entire unredacted investigation file.
[2] On or about May 6, 2025, ETPD produced what Plaintiffs' counsel believes to be the full unredacted investigation file. Plaintiffs' counsel is still in the process of reviewing this subpoena response from ETPD.

5. On May 2, 2025, without any notice or attempt to meet and confer with counsel for Plaintiffs or Defendants, the DA's Office filed the instant Motion to Quash.

6. Judge Stadtmueller's Pretrial Procedures Order that was filed publicly in this matter makes it very clear that parties shall meet and confer about any potentially disputed matter before presenting it to the Court. "The purpose of this requirement is to attempt to obviate the need for a motion and thus avoid unnecessary Court intervention, or to narrow the scope of the issues the Court must resolve." (October 25, 2024 Pretrial Procedures Order) [Doc. 21].

7. Judge Stadtmueller's Pretrial Procedures Order also states that a Motion must be accompanied by a written certification of having met and conferred and that the Court may strike or outright deny a motion or other relief if counsel fails to meet and confer in good faith.

8. In an attempt to abide by Judge Stadtmueller's Pretrial Procedures Order, counsel for Plaintiffs and Defendants immediately coordinated a meet and confer with counsel for the DA's Office for May 5, 2025. During which, counsel for Plaintiffs and Defendants attempted to narrow the scope of the DA's Motion to Quash, as follows:

    1) Counsel proposed a Court approved Protective Order relating to the responsive documents retained with the DA's Office;

2) Counsel requested a privilege log relating to the responsive documents retained with the DA's Office;

3) Counsel requested an update as to what, if anything, the DA's Office had done to determine the volume of responsive documents retained with the DA's Office;

4) Counsel proposed the DA's Office redact any identifying information of any victim other than the named Plaintiffs in this matter in any responsive documents; and

5) Counsel proposed that the DA's Office at least produce any documents relating to the Plaintiffs in this matter as signed Authorizations and Informed Consent for Release of Criminal Investigation Records were provided with the Subpoena while the Court addressed the remaining issues raised in the Motion to Quash.

9. The DA's Office did not provide any proposals to narrow the issues of the Motion. Following the meet and confer, counsel for the DA's Office confirmed that it would not be producing any records until the Court ruled on the Motion to Quash. The DA's Office has made no effort to respond to the Subpoena.

10. Plaintiffs in this matter allege, among other things, that Defendants had notice of Rash's abuse prior to the cessation of said abuse and did not properly address the abuse and/or Rash to prevent their abuse. (Defendants' deny this claim.) Therefore, documentation relating to what Plaintiffs, Defendants, other victims of Rash, and potentially Rash himself reported is vital in Plaintiffs' proving their civil case.

11. The parties cannot argue how other unknown documentation within the DA's Office file may be relevant to this matter without knowing what type of documentation exists. For example, if there is record of other victims reporting abuse occurred at the East Troy School District, that serves as additional evidence of the notice Defendants had of the risk of sexual abuse occurring within their district.

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated this 22nd day of May, 2025.

*s/ Veronica N. Hubbard, Esq.*
Veronica N. Hubbard