IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF WISCONSIN

M.G., I.C., K.M., P.C. and E.H.,
    Plaintiffs,

   Case No. 24-cv-01259-JPS

  v.

EAST TROY COMMUNITY SCHOOL DISTRICT
PETER SYENS,
KRISTA ISERLOTH,
CHRISTOPHER HIBNER and
KATHERINE LIESKE HARDER,
    Defendants.

## AGREED UPON JURY INSTRUCTIONS[1]

---

[1] The parties have presented instructions relevant to the Defendants' Motion for Partial Summary Judgment on the understanding only instructions related to those claims must be filed. If additional instructions are required, the parties can submit those additional joint instructions. Further, the parties reserve the right to propose alternative instructions should these claims proceed to trial.

## 7.02 GENERAL: REQUIREMENT OF PERSONAL INVOLVEMENT

Plaintiffs must prove by a preponderance of the evidence that Christopher Hibner was personally involved in the conduct that Plaintiff complains about. You may not hold Christopher Hibner liable for what others did or did not do.

## 7.21 DUE PROCESS: STATE-CREATED DANGER

Plaintiffs claim that Defendants Peter Syens, Krista Iserloth, Katherine Harder, and Christopher Hibner violated their due process rights by failing to remove John Rash from teaching despite notice of sexual abuse and inappropriate behaviors.

The due process clause is violated when a government employee acting within the scope of his or her employment commits an act which shocks the conscience, gratuitously endangers a person, and results in an injury to that person.

To succeed on this claim, Plaintiffs must prove the following four things by a preponderance of the evidence:

1. Defendants' acts increased Plaintiffs' risk of serious harm. That is, the Defendants' actions turned a potential danger into an actual one and moved the Plaintiffs from a position of safety to a position of harm.
2. Defendants were aware of the potential risk of harm by John Rash and consciously failed to take reasonable measures to prevent harm to Plaintiffs.
3. It was foreseeable by Defendant that their actions would lead to injury to Plaintiffs or to a group of persons that included Plaintiffs.
4. Plaintiffs' injuries were proximately caused by Defendants' acts.

## 7.23 LIABILITY OF SUPERVISOR

To succeed on their claim against Christopher Hibner, Plaintiffs must prove each of the following (number of elements) things by a preponderance of the evidence:

1. John Rash violated Plaintiffs' rights to bodily integrity by inappropriately fondling or groping their breasts and thighs and butts.
2. Christopher Hibner knew that John Rash had a practice of inappropriately fondling or groping students' breasts and thighs and butts.
3. Christopher Hibner purposely ignored John Rash's practice of inappropriately fondling or groping students' breasts and thighs and butts.
4. As a result, Plaintiffs were injured.

7.24 LIABILITY OF MUNICIPALITY

If you find that Plaintiffs proved a constitutional violation by a preponderance of the evidence, you must consider whether the School District of East Troy is also liable to Plaintiffs. The School District of East Troy is not responsible simply because it employed Peter Syens, Krista Iserloth, Katherine Harder, or Christopher Hibner.

To succeed on this claim, Plaintiffs must prove each of the following (number of elements) things by a preponderance of the evidence:

1. Defendants Peter Syens, Krista Iserloth, Katherine Harder, and Christopher Hibner committed an act which shocked the conscience, gratuitously endangered the Plaintiffs, and resulted in an injury to the Plaintiffs.

2. At the time, the School District of East Troy had a policy of permitting its employees to commit acts which shocked the conscience and gratuitously endanger students. The term policy means that the School District of East Troy had a custom of responses to student complaints that was so persistent and widespread, so that it is the School District of East Troy's standard operating procedure. A persistent and widespread pattern may be custom even if the School District of East Troy has not formally approved it, so long as Plaintiffs prove that a policy-making official knew of the pattern and allowed it to continue.

3. The policy as described in paragraph 2 caused Peter Syens, Krista Iserloth, Katherine Harder, and Christopher Hibner to commit acts which shocked the conscious, gratuitously endangered the Plaintiffs, and resulted in an injury to the Plaintiffs.

Dated this 16th day of January, 2026.

ANDREOZZI + FOOTE

*Electronically signed by Veronica N. Hubbard*
Veronica N. Hubbard, WIED Bar Number 323718
Nathaniel L. Foote, WIED Bar number 318998
Attorneys for Plaintiffs
4503 North Front Street
Harrisburg, PA 17110
Telephone: (717) 525-9124
Email: veronica@vca.law / nate@vca.law


AXLEY LLP

*Electronically signed by Danielle Baudhuin Tierney*
Lori M. Lubinsky, State Bar #1027575
Danielle Baudhuin Tierney, State Bar #1096371
Attorneys for Defendants
P.O. Box 1767
Madison, WI 53701-1767
Telephone: (608) 257-5661
Email: llubinsky@axley.com / dtierney@axley.com